BOOTH, Judge,
specially concurring:
I agree with the result of the majority opinion for the reasons stated in the order of the DOAH hearing officer that petitioner’s Rule 9D-8.16(1), F.A.C., notwithstanding, petitioner’s statutory investigative duties leading to a probable cause determination be completed before proceeding under Section 120.57.[1]

. The DOAH order denying assignment is, in pertinent part, as follows:
The Determination of Reasonable Cause provided for in Rule 9D-9.04, F.A.C., is in the nature of a probable cause determination based upon a review of an investigation done by the staff of the Human Relations Commission.
Rule 9D-8.16(1), F.A.C., purports to allow the chairman of a panel of the Human Relations Commission, at his discretion, to refer a Petition for Redetermination to the Division of Administrative Hearings for the assignment of a Hearing Officer. Such a rule does not bind the Division of Administrative Hearings and require the assignment of a Hearing Officer when the request for assignment involves a matter not yet ripe for a 120.57(1), Florida Statutes, hearing. Such a hearing is not designed for the purpose of determining that probable cause exists to propose agency action which would then, again, entitle the parties to a 120.57(1) hearing on the same subject matter. As provided by the rules of the Human Relations Commission, specifically Rule 9D-8.16(1), F.A.C., a panel of the Human Relations Commission can hear a Petition for Redetermination and thereby reconsider the decision of the Executive Director. Thus ample and fair opportunity exists for the complainant to have the decision of the Executive Director reconsidered and reversed. Involvement of the Division of Administrative Hearings is neither necessary nor appropriate at this stage of the proceeding.